# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-1044V
Filed: January 19, 2016
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RICHARD FLORIDA, | * | |
| | * | |
| Petitioner, | * | Petitioner's motion for dismissal |
| | * | granted; influenza vaccine; |
| v. | * | encephalitis; sequelae not lasting |
| | * | more than six months |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Amy J. Coco, Pittsburgh, PA, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On October 27, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza vaccine administered October 2, 2012 caused him encephalitis seven days later. See Pet. at 1.

However, petitioner's medical records do not substantiate that his complaints of left hand weakness and twitching are causally related to his 2012 encephalitis or his flu vaccination. Med. recs. Ex. 3, at 20, 27. From the first telephonic status conference, held January 13, 2015, through the three remaining status conferences, the issue has always been whether or not petitioner could

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

prove more than six months of sequelae, as the Vaccine Act requires. 42 U.S.C. § 300aa-11(c)(1)(D)(i) (2012).

On January 19, 2016, petitioner filed a Motion for Dismissal, stating that "he will be unable to prove that he is entitled to compensation in the Vaccine Program." Mot. for Dismissal, ¶ 1. He also states that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Id. at ¶ 2. The undersigned grants petitioner's motion and dismisses this case.

## FACTS

Petitioner was born on October 30, 1947.

He received influenza vaccine on October 2, 2012. Med. recs. Ex. 3, at 56. He subsequently experienced encephalitis, but reported to Dr. Erek M. Lam that he had returned to baseline by October 13, 2012. Med. recs. Ex. 5, at 129.

Doctors subsequently stated that there was no objective evidence that petitioner's left hand weakness and twitching were due to his encephalitis (med. recs. Ex. 3, at 20) and no causal evidence that his symptoms were related to the influenza vaccination (Id. at 27).

## DISCUSSION

Under the Vaccine Act, 42 U.S.C. § 300aa-11(c)(1)(D)(i), petitioner must prove that his vaccine injury or its sequelae lasted more than six months. Petitioner failed to prove that and now moves for dismissal of his petition.

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**


Dated: January 19, 2016                                      s/ Laura D. Millman
                                                                      Laura D. Millman
                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.

2